**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

January 8, 2003

Ms. Jennifer Lee
83 Cayman Cove
Destin, Florida 32541-3797

Re: Department of Justice Representation of Jennifer Lee Regarding Advanced Team Concepts, Inc. v. United States, Fed. Cl. No. 02-197

Dear Ms. Lee:

This is in response to our discussions and your request concerning representation by the Department of Justice in the above case.

It appears that you were acting within the scope of your federal employment with respect to the events giving rise to the requested testimony and that extending representation would be in the best interest of the United States. Therefore, I am pleased to advise you that representation in this case by Department of Justice attorneys is available to you without cost.

You are, of course, free to retain private counsel at your own expense to represent your interests in this case now and at any time in the future. You are not required to accept representation by Department of Justice attorneys, and it is the purpose of this letter to provide you with information about the nature of Department of Justice representation so that you can make an informed choice.

Department of Justice representation may differ in certain respects from that provided by a private attorney hired by you with your own funds because Department attorneys must continue to represent the interests of the United States. This is not to say that the attorneys assigned to your defense will not engage in a full, confidential and traditional attorney-client relationship with you. The attorneys assigned

to this case are required by regulations and legal ethics to keep your confidences. But the responsibility of the Department attorneys to represent the interests of the United States may, at times and under certain circumstances, limit actions that might otherwise be taken on your behalf. For these reasons, you should be aware of the following points concerning the representation that we are offering to you:

1. Attorneys employed by the Department of Justice will not assert on your behalf any claim you may have against the United States or any federal employees;

2. If there is a legal argument that may be made in your defense, but that conflicts with a legal position taken by the United States in this or another case, Department of Justice attorneys will not make the argument. You will be advised of this fact and afforded the opportunity to retain private counsel at your expense if you choose to pursue the argument.

   Within these constraints, Department attorneys will fully represent you and will assert all legal positions appropriate to your defense that are not precluded by their responsibility to attend to the interests of the United States; and

3. If the United States, any agency or any officer in his official capacity is sued, Department attorneys are required to assert all appropriate defenses on their behalf even if it is to your detriment.

We look forward to a close and productive working relationship with you on this case should you elect to be represented by Department of Justice attorneys. If so, please sign the attached copy of this letter and return the signed original for our files, in the enclosed envelope. If you have any questions, please do not hesitate to contact me at 202-307-0300.

Very truly yours,

Doris Finnerman

Doris S. Finnerman
Trial Attorney
Commercial Litigation Branch

ACKNOWLEDGMENT AND ACCEPTANCE:

Jennifer R Lee

Jennifer Lee

DATE: 9-14-03

Byum, D
Finnerman, D

**CHARLES H. STEEN, P.C.**
*Attorney at Law*
The White House on Turtle Creek
2401 TURTLE CREEK BOULEVARD
DALLAS, TEXAS 75219

*www.docsteen.com*

Telephone: (214) 559-4446 Facsimile: (214) 559-4423

RECEIVED NOV 18 P 12:05

November 7, 2002

**VIA FIRST CLASS MAIL**

Doris Finnerman, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C., 20530

re: *Advanced Team Concepts, Inc. v. United States*, Cause No. 02-197C, in the United States Court of Federal Claims

Dear Dorie:

Enclosed please find a subpoena for Jennifer Lee. Pursuant to RCFC 5(b), service by mail upon you is appropriate because you will represent Lee as LDC's former director.

Please let me know if you want to agree to a different date and place.

As always, if I can be of any assistance, please do not hesitate to call.

Sincerely yours,

Charles H. Steen

cc: Larry Meeker, President
Advanced Team Concepts, Inc.
7312 Stoney Point Dr.
Plano, Texas 75075



154-02-197
CR

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ADVANCED TEAM CONCEPTS, INC.** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-197C** |
| **v.** | ) | **(Senior Judge Smith)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# SUBPOENA

To: Jennifer R. Lee, by and through her attorney, Doris Finnerman, Esq., Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, N.W., 8th Floor, Washington, D.C., 20530

Jennifer R. Lee is hereby commanded to appear at the law offices of Charles H. Steen, P.C., The White House on Turtle Creek, 2401 Turtle Creek Blvd., Dallas, Texas 75219, on December 9, 2002, at 10:00 a.m. to testify at the taking of a deposition in the above-styled cause.

Leeis commanded to produce and permit inspection and copying of the documents listed in the attached Duces Tecum at the deposition.

Respectfully submitted,

**CHARLES H. STEEN, P.C.**

By: Charles H. Steen
Texas Bar No. 00785040
The White House on Turtle Creek
2401 Turtle Creek Boulevard,
Dallas, Texas 75219
Telephone: (214) 559-4446
Telecopier: (214) 559-4423

**ATTORNEY FOR PLAINTIFF ADVANCED TEAM CONCEPTS, INC.**

**CHARLES H. STEEN, P.C.**
*Attorney at Law*
The White House on Turtle Creek
2401 TURTLE CREEK BOULEVARD
DALLAS, TEXAS 75219

*www.docsteen.com*

Telephone: (214) 559-4446 Facsimile: (214) 559-4423

November 8, 2002

**VIA FIRST CLASS MAIL**

Clerk of the Court
U.S. Court of Federal Claims
717 Madison Place, N.W.
Washington, DC 20005

re: *Advanced Team Concepts, Inc. v. United States*, Cause No. 02, in the United States Court of Federal Claims

Dear Clerk of the Court:

Enclosed please find the original and one copy of Proof of Service of Subpoena on Jennifer R. Lee. After filing please return a file-stamped copy to me in the enclosed envelope. Thank you in advance.

Sincerely yours,

Charles H. Steen

cc:

**VIA FIRST CLASS MAIL**

Doris Finnerman, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., 8th Floor
Washington, D.C., 20530

**VIA FIRST CLASS MAIL**

Larry Meeker, President
Advanced Team Concepts, Inc.
7312 Stoney Point Dr.
Plano, Texas 75075

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ADVANCED TEAM CONCEPTS, INC.** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-197C** |
| **v.** | ) | **(Senior Judge Smith)** |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROOF OF SERVICE OF SUBPOENA ON JENNIFER R. LEE**

| | |
|---|---|
| Date: | November 8, 2002 |
| Place of Service: | Jennifer R. Lee, by and through her attorney, Doris Finnerman, Esq., Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, N.W., 8th Floor, Washington, D.C., 20530 |
| Served on: | Jennifer R. Lee by and through her attorney Doris Finnerman |
| Manner of Service: | United States Mail |
| Fees tendered for one day's attendance and mileage allowed by law. | Fifty and no/100 dollars ($50.00). |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service of Subpoena on Jennifer R. Lee is true and correct.

Executed on: November 8, 2002
Date

Charles H. Steen
Texas Bar No. 00785040
The White House on Turtle Creek
2401 Turtle Creek Boulevard,
Dallas, Texas 75219
Telephone: (214) 559-4446
Telecopier: (214) 559-4423

**Finnerman, Dorie**

**From:** Charles H. Steen, J.D., Ph.D. [docsteen@mindspring.com]
**Sent:** Sunday, November 17, 2002 8:29 PM
**To:** Finnerman, Dorie
**Cc:** ATConcepts@aol.com
**Subject:** RE: Advanced Team Concepts

Dorie -

Jennifer R. Lee resides at 83 Cayman CV, Destin, FL 32541-3797. Her home phone jumber is (850) 654-5476.

Assuming you will represent her, I may not contact her directly. Please tell me if you need anything else to make her available for a deposition. We need to get this depo going.

Yours,

Charles H. Steen, P.C.
Attorney & Economist
The White House on Turtle Creek
2401 Turtle Creek Blvd.
Dallas, Texas 75219

(214) 559-4446 (office, direct)
(214) 559-4423 (telecopier)
(214) 695-8058 (cell)
www.docsteen.com
docsteen@mindspring.com

==========================================================================
CONFIDENTIALITY NOTE:
This E-Mail message is legally privileged and confidential information intended only for the use of the above-addressed individual(s). If the reader of this message is not an intended recipient, you are hereby notified that any dissemination or distribution is strictly prohibited. If you received this E-Mail message in error, please immediately notify me by telephone (214) 559-4446, and delete the original message. Thank you.
==========================================================================

# Training Policy Handbook

## Authorities And Guidelines



OPM
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT

Human Resources Systems Service

Office of Labor Relations and Workforce Performance

Theodore Roosevelt Building
1900 E Street, NW.
Washington, DC 20415-0001

December 1995

| | |
|---|---|
| **Membership in Professional Organizations** | Under *5 U.S.C. §4109(b) (1977 & Supp. 1995)*, the expenses of training do not include membership fees except to the extent that:<br><br>1) the fee is a necessary cost directly related to the training; or<br><br>2) payment of the fee is a condition precedent to undergoing the training as is the case with Toastmaster's International. *Comp. Gen. B-223447 (October 10, 1986).* |
| Prohibition on Payment of Individual Membership Fees | Payment of annual dues for membership in a professional organization is *not* reimbursable to the employee, even if the Government would benefit from the employee's development as a result of the membership. *5 U.S.C. §5946 (1977 & Supp. 1995)* prohibits the use of appropriated funds for the payment of individual membership fees or dues of officers and employees of the Government, except as authorized:<br><br>(a) by specific appropriation;<br><br>(b) by express terms in a general appropriation; or<br><br>(c) in connection with employee training under *5 U.S.C. §4101 (Supp. 1977 & 1995).* |
| Agency Membership | Under *5 U.S.C. §5946 (1977 & Supp. 1995)*, an agency may become a member of an organization and pay the required dues if it is administratively determined to be necessary in carrying out authorized agency activities. *52 Comp. Gen. 495 (1973).* |
| **Procurement of Training** | The following are general guidelines relating to the procurement of training. Procurement is governed by GSA regulations. Consult with your procurement office for additional information. |
| Use of the Training Authorization Form | A training authorization form may be used by agencies to procure training services. For example, agencies may use their training form for certifying payment of training expenses for certain instances of training through non-Government facilities. |

The form is authorized by a training official instead of the contracting officer under a procedure negotiated by the two offices and addressed in the agency's administrative directives. *Comp. Gen. B-210334 (July 14, 1983).*

Such procedures create significant savings in cost and time for the agency. Training organizations are encouraged to negotiate with appropriate administrative authorities in their agencies to reach agreements that will enable the training organization to use the training authorization form as a purchase order.

In typical agreements, the *Training Authorization Form* (SF-182) or equivalent is authorized for use to obligate funds and certify payment of approved training expenses under the following conditions:

(1) the training cost of a single training event, program, or instructional service does not exceed the small purchase dollar limit established by GSA; and the cost is of a fixed nature, i.e., price per student or price per course, program, or service; and

(2) the program, course, or instructional service is off-the-shelf and no modification or development is needed to meet the organization's needs resulting in increased cost to the Government.

The *Training Authorization Form* is also used for requesting, approving, and certifying payment for attendance at meetings, conferences, seminars, and symposia where the primary purpose is to train the individual to meet a job-related need.

When a training course or program requires new design and development, it is the function of the authorized contracting officer to contract for the training on behalf of and as requested by the responsible training officer.

---

Contracting with Government Employees

Under *GSA's Federal Acquisition Regulations*, a contract is not to be knowingly made with a Government employee (or with a business concern or other organization owned or substantially owned or controlled by one or more Government employees), except for a most compelling reason, such as when the agency's needs cannot reasonably be otherwise met. The purpose of this prohibition is to avoid any conflict of interest that might arise